UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RASHARD WALKER,

        Petitioner,

v.                                                       Case No: 6:16-cv-1857-Orl-37TBS

UNITED STATES OF AMERICA,

        Respondent.
_____/

## OPINION AND ORDER

This cause comes before the Court on Rashard Walker's ("Petitioner's" or "Walker's") motion to vacate, set aside, or correct an illegal sentence (Doc. 1, filed October 24, 2016). Respondent filed a response in opposition to the motion (Doc. 6), and Walker has filed a reply (Doc. 8). The motion is ripe for review. Upon review of the pleadings, the Court concludes that Walker's amended § 2255 motion must be denied.

### A.    Background and Procedural History

On April 29, 2015, a federal grand jury in the Middle District of Florida indicted Walker on one count of being a convicted felon in possession of a semi-automatic assault rifle, a drum magazine, and 58 rounds of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [1]

Walker signed a plea agreement on June 15, 2015. (Cr. Doc. 39). The factual basis set forth in Walker's plea agreement listed the facts giving rise to his arrest as follows:

---

[1] The indictment was assigned criminal case number 6:15-cr-96-RBD-TBS. (Cr. Doc. 1). Docket entries in Petitioner's criminal case will be cited as (Cr. Doc.).

> On or about February 5, 2015, at approximately 5:45 p.m., the Orlando Police Department SWAT team executed a state search warrant at WALKER's residence at the time, 734 Kankakee Lane, Orlando, Florida. When the SWAT team entered the residence, WALKER was awakened from a nap in his bedroom, exited his bedroom, and entered the hallway of the residence. IN WALKER's open bedroom closet, the SWAT team found, in plain view, the Izhmash semi-automatic rifle, serial number H03600854, which was manufactured in Russia. The SWAT team also found in WALKER's bedroom closet a large capacity loaded drum magazine, a banana clip type loaded magazine, and 58 rounds of 7.62X39 mm caliber ammunition.

(Cr. Doc. 39 at 17-18). Walker initialed the page setting forth the factual basis for his plea. (*Id.*). On June 24, 2015, a change of plea hearing was held in front of the undersigned. (Cr. Doc. 118). The Court determined that there was a factual basis for the plea, the plea was accepted, and Walker was adjudicated guilty. (*Id.* at 21-22, 27).

On October 26, 2015, the Court sentenced Walker to ninety months in prison, a variance below the low end of the applicable guidelines range. (Doc. 6-1 at 19). Walker did not file a direct appeal of his conviction or sentence. Walker timely filed the instant 28 U.S.C. § 2255 motion on October 24, 2016 (Doc. 1).

## II. Legal standards

### A. Standard of Review under 28 U.S.C. § 2255

Title 28 U.S.C. § 2255 provides federal prisoners with an avenue for relief under limited circumstances:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is

2

> otherwise subject to attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* at § 2255(b). To obtain this relief on collateral review, a petitioner must clear a significantly higher hurdle than exists on direct appeal. *See United States v. Frady*, 456 U.S. 152, 166 (1982) (rejecting the plain error standard as not sufficiently deferential to a final judgment).

## B. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, Walker must show that: (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). These two elements are commonly referred to as *Strickland*'s performance and prejudice prongs. *Reece v. United States*, 119 F.3d 1462, 1464 n.4 (11th Cir. 1997). If a petitioner fails to establish either *Strickland* prong, the Court need not consider the other prong in finding that there was no ineffective assistance of counsel. *Strickland*, 466 U.S. at 697.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 at 689–90. Thus, a court, when considering an ineffectiveness claim, must judge the reasonableness of

counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. *Id*. at 690; *see also Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals:

> [The test for ineffective assistance of counsel] has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. Strickland encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992) (citation omitted). Under these rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III. Analysis

Walker raises three claims of ineffective assistance of counsel in his § 2255 motion. He asserts that defense counsel ("Counsel") failed to object to: (1) the enhancement of his sentence under U.S. Sentencing Guidelines Manuel ("U.S.S.G.") § 2K2.1(b)(1)(A) due to the number of firearms involved; (2) the enhancement to his sentence under U.S.S.G. § 2K2.1(b)(4)(A) due to a stolen firearm; and (3) the enhancement to his sentence under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm or ammunition in connection with another felony. (Doc. 2 at 5-8). Each claim will be addressed separately.

## A. Claim One and Claim Two

In Claim One, Walker asserts that Counsel failed to object to the two-point enhancement of his sentence for multiple firearms. (Doc. 2 at 5). He urges that Counsel should have argued that Walker could not constructively possess any firearm in the possession of co-defendants Sidney Johnson or Brandon Armstrong because he had no knowledge of the firearms' existence. (*Id*.). Walker now claims that he entered the home where the firearms were found "only minutes before the police raid and had no knowledge of any firearms possessed by Sidney Johnson or Brandon Armstrong." (*Id.* at 6-7) (emphasis in original). In Claim Two, Walker asserts that Counsel failed to object to the two-level enhancement for a stolen firearm, since the stolen firearm was in the possession of Sidney Johnson. (Doc. 2 at 7).[2] In support of these claims, Walker attaches Sidney Johnson's signed statement attesting that Walker arrived at the home only shortly before the police raided it and that Walker had no knowledge of the firearms in his (Johnson's) possession. (Doc. 2-1).

Respondent argues that Claims One and Two must be denied because Counsel objected to these enhancements, both in writing and during Walker's sentencing hearing. (Doc. 6 at 5). Indeed, Counsel's written objections are discussed in Plaintiff's Presentence Investigation Report. (Cr. Doc. 78 at 25-26). Counsel objected to the enhancements again at Walker's sentencing hearing, arguing that Walker only pleaded guilty to possession of

---

[2] The Sentencing Guidelines provide for a two-level enhancement if the defendant engages in a prohibited transaction involving between three and seven firearms. U.S.S.G. § 2k2.1(b)(1)(A). If any of the firearms was stolen, the defendant is subject to an additional two-level enhancement. U.S.S.G. § 2k2.1(b)(4)(A).

5

one firearm; the other firearms were in the actual possession of Brandon Armstrong and Sidney Johnson; and "there's no way that the Government could prove that Mr. Walker had any knowledge of that firearm being stolen." (Doc. 6-1 at 4-5). The government countered that Walker was a resident of the home where the guns were found and that he constructively possessed the firearms because he "could exercise control of the firearms that are in his residence." (*Id.* at 6).[3]

After hearing arguments from Counsel and the government, the Court concluded:

> All right. I am – Mr. Mandel – persuaded that the Government's argument is correct and that it's proper to hold Mr. Walker accountable for the firearms in the home, both those that were in his private area of the residence as well as those that were in the common area of the residence.
>
> And just point out that obviously relevant conduct for the purpose of the enhancement need not be charged or convicted conduct.
>
> And so I think the enhancements are properly applied. I also think he was properly enhanced in paragraph 22 for the stolen firearm enhancement.

(*Id.* at 7). Notably, during its argument to the Court on this issue, the government stated—without objection from Counsel or Walker—that "Mr. Walker was a resident of 734 Kankakee Lane. That fact is undisputed." (Doc. 6-1 at 6).

In his reply, Walker argues that "[w]hile true counsel made objections to Walker's enhancement regarding the number of firearms and the stolen firearms[, he] failed to argue that such enhancements were invalid, due to Walker's lack of 'knowledge' as to the

---

[3] "Constructive possession" exists when a defendant has ownership, dominion, or control over an object itself or dominion or control over the premises in which an object is concealed. *United States v. Hernandez*, 433 F.3d 1328, 1333 (11th Cir. 2005).

6

number of firearms or the fact that the firearms were stolen." (Doc. 8 at 7). Walker bases his arguments on a new factual scenario—offered for the first time in this petition—in which he was not a resident of the home at which the firearms were found, but had merely stopped by to visit a friend whose home was raided by the police a few moments later. (Doc. 2 at 1-2).[4] However, Walker initialed a plea agreement admitting that he lived at the home and was asleep in his own bedroom when the SWAT team initiated its raid. (Cr. Doc. 39 at 17).

At the plea colloquy, Walker was told to listen carefully to "the summary of the facts that the Government claims they could prove if your case were to go to trial." (Cr. Doc. 118 at 19). Thereafter, the government read the factual basis into the record. (*Id.*). Walker agreed that he resided at 734 Kankakee Lane and that he awoke from a nap in his bedroom when the SWAT team arrived and found a firearm and ammunition in his bedroom closet. (*Id.* at 21). The Court asked Walker whether he had listened to the Government's version of the facts and whether he "took issue" with any of the facts. (*Id.* at 221-22). Walker expressly agreed with the government's version of the facts, including the assertion that he lived at 734 Kankakee Lane. (*Id.*).

---

[4] Petitioner supports his § 2255 motion with a statement from co-defendant Sidney Johnson who attests that Petitioner "never had knowledge of any firearms in [his] possession" and that Petitioner "only entered the residence a short time before the house was raided by law enforcement officers." (Doc. 2-1). Petitioner offers no explanation for why this version of the facts differs from that offered in his plea agreement and at the plea colloquy. Nevertheless, Johnson's statement, even if true, does not necessarily foreclose a conclusion by Counsel that Petitioner lived in the home at 734 Kankakee Lane, and that he was in constructive possession of the firearms found in the living room.

7

"[S]olemn declarations in open court carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977): *see also United States v. Stitzer*, 785 F.2d 1506, 1514 n. 4 (11th Cir. 1986) (noting that "if the Rule 11 plea-taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely"). It was reasonable for Counsel to rely upon facts to which Walker stipulated, and Walker does not even assert that Counsel was aware he lied to the Court about his address. That Walker now changes his story is irrelevant to an ineffective assistance claim. Because Walker admitted under oath that he lived at the residence raided by the SWAT team, reasonable competent counsel could have concluded that Walker constructively possessed the three additional firearms and that there were no additional grounds on which to object to the firearms' consideration during sentencing. *See Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (For a petitioner to show that the conduct was unreasonable, a petitioner must establish that "no competent counsel would have taken the action that his counsel did take"). Walker is not entitled to relief on these claims.

### B. Claim Three

Walker asserts that Counsel was ineffective for failing to object to the four-level enhancement for possessing a firearm or ammunition in connection with another felony under U.S.S.G. § 2K2.1(b)(6)(B). (Doc. 2 at 8). Walker bases this claim on the same arguments set forth in Claims One and Two—that he did not live at the home where he was found with the firearm, and he did not know about the heroin, powder cocaine, MDMA, crack cocaine, cannabis and Alprazolam found there. (*Id.* at 9). Walker also

8

argues that "mere possession" of a controlled substance is not a felony, and cannot support an enhancement under U.S.S.G. § 2K2.1(b)(6)(B). (*Id.*).

As to his first contention, Walker admitted under oath that he lived in the home where the firearms and the drugs were found. Counsel's performance is not deficient for relying on his client's sworn statements. *See* discussion *supra* Claims One and Two. Likewise, Walker's "mere possession" argument does not entitled him to relief because his sentence was properly enhanced under § 2K2.1(b)(6)(B). The Sentencing Guidelines provide a four-level sentence enhancement if the defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). This enhancement applies "if the firearm or ammunition facilitated, **or had the potential of facilitating** . . . any federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." *Id.* at § 2K2.1, cmt. n. 14(A), (C) (emphasis added). The enhancement also applies "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." *Id.* at § 2K2.1, cmt. n. 14(B)(ii). Nearly all of the drugs located in Walker's home were packaged for sale. (Cr. Doc. 78).

The Eleventh Circuit Court of Appeals has explained that "[a] firearm found in close proximity to drugs or drug-related items simply has—without any requirement for additional evidence—the potential to facilitate the drug offense." *United States v. Carillo–*

9

*Ayala*, 713 F.3d 82, 92 (11th Cir. 2013) (internal quotation marks omitted). *See also United States v. Johnson*, 654 F. App'x 427, 428 (11th Cir. 2016) (holding that the district court did not err by applying a four-level enhancement under § 2K2.1(b)(6)(B) because the defendant had a firearm and large amounts of marijuana in his car at the same time); *United States v. Hopkins*, 603 F. App'x 800, 804 (11th Cir. 2015) (when drugs were found in close proximity to the firearm and were packaged in a way to indicate distribution, the gun had the potential of facilitating a drug trafficking offense, and § 2K2.1(b)(6)(B) applied). Because Walker's offense was properly enhanced under § 2K2.1(b)(6)(B), any objection by Counsel would have been overruled. Walker has demonstrated neither deficient performance nor resulting prejudice, and Ground Three is denied.

Any of Walker's allegations not specifically addressed herein have been found to be without merit. Because each claim raised in the petition is conclusory, meritless, or affirmatively contradicted in the record, an evidentiary hearing is not required. *See Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989).

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Walker's motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.

2. The **Clerk of the Court** is directed to terminate any pending motions, enter judgment accordingly, and close this case.

3. The **Clerk of the Court** is further directed to file a copy of this Order in criminal case number 6:15-cr-96-RBD-TBS and to terminate the motion to vacate, set

aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Cr. Doc. 116) pending in that case.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY IS DENIED**. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation and quotation omitted). Walker has not made the requisite showing in these circumstances. Because Walker is not entitled to a certificate of appealability, he is not entitled to proceed *in forma pauperis* on appeal.

**DONE** and **ORDERED** in Orlando, Florida on December 29th, 2017.

ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
SA: OrlP-4

11